**Joseph Scott WOODROOF,
Petitioner—Appellant,**

v.

**UNITED STATES of America,
Respondent—Appellee.**

No. 02–15459.
D.C. Nos. CV–99–02194–EHC,
CR–96–00160–EHC.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 14, 2003.*

Decided Feb. 27, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before CANBY, O'SCANNLAIN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Joseph Woodroof appeals from the district court's denial of his motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255.[1] Because the relevant facts are known to the parties they are not repeated here.

Under the familiar two-prong test for effectiveness, established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Woodroof must show that counsel's performance was both objectively unreasonable and prejudicial. *Id.* at 693. Judicial scrutiny of an attorney's performance "must be highly deferential." *Id.* at 689. To show prejudice, Woodroof must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694.

Woodroof argues that conflict between himself and trial counsel resulted in a total lack of communication, thereby denying him effective assistance of counsel. The basis of Woodroof's claim is that counsel yelled at him on multiple occasions and allegedly never explained to him the elements of conspiracy. Woodroof argues that but for this breakdown in communication, he would have accepted a plea offer made by the government.

However, the magistrate judge's findings, which were adopted by the district court, foreclose Woodroof's argument:

1) the prosecutor explained the charges pending against Woodroof and the government's evidence on these charges;

2) Woodroof's counsel gave him a "conspiracy primer," and discussed conspiracy law with him;

3) Woodroof's counsel advised him that he was unlikely to prevail at trial;

4) Woodroof's counsel discussed with him the disparity between the five year sentence offered in the plea agreement and what he would face if convicted at trial.

These findings are not clearly erroneous. They undermine Woodroof's claim that his difficulties with his counsel were so great that he was denied effective representation, and that he was unable to consider meaningfully the very favorable proposed plea bargain. Woodroof was more than adequately informed of the charges and evidence against him to evaluate fully the plea offer. Therefore, notwithstanding any disagreements that occurred between himself and counsel, Woodroof suffered no prejudice.

Accordingly, the district court's denial of Woodroof's motion to vacate or set aside his sentence is

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

1. Woodroof also argues that the trial court erred in denying his pretrial motion for new counsel. However, this decision was affirmed in the defendant's direct appeal before this court. *United States v. Quintanilla,* Nos. 97–10339, 97–10540, 98–10091, 1998 WL 895360 (9th Cir. Dec.17, 1998). There has been no significant change in intervening law which would enable this court to reconsider Woodroof's motion. Accordingly, we are precluded from addressing this claim.